*934 OPINION.
Milliken:
Under section 212 (b) of the Revenue Acts of 1918 and 1921 it was the duty of the petitioner to make its returns for taxation according to its annual accounting period and its net income should have been computed on that basis. In 1918 petitioner’s annual accounting period was kept on a fiscal year basis ending July 31. Petitioner *935 in filing its returns for said year made them on a basis’ of a calendar year and thus failed to comply with section 212 (b). Beginning December 31, 1919, and since that date petitioner has closed its accounts on a calendar year basis and has made its returns for taxation in accordance therewith. So far as the record shows this change in accounting period from fiscal year to calendar year was of petitioner’s volition, and was repeated by petitioner year after year to and including 1924. These calendar year accounting periods and returns were duly filed, accepted by, and overassessments and deficiencies determined thereon by the respondent for the years 1921, 1922, 1923, and 1924, which were accepted in writing by petitioner.
Section 212 (b) provides in substance that if the taxpayer changes his accounting period the net income shall, with the approval of the Commissioner, be computed on the basis of such new accounting period, subject to the provisions of section 226. This latter section provides that if the change is made with the Commissioner’s approval a separate return shall be made for the period between the close of the last fiscal year and the following December 31. Tersely stated, the two sections merely mean that when a change is made in the accounting period it must have the approval of the Commissioner, and a separate return must be made for the short period resulting from the change. The method of approval by the Commissioner is not indicated.
When the respondent audited the petitioner’s returns for 1918, 1919, and 1920, it was at once apparent that petitioner had failed to comply with section 212 (b), as it kept its accounts on a fiscal year basis and made returns on a calendar year basis for 1918. The computation of income and tax by the respondent on the fiscal year basis was merely complying with the law and was correct. In Henry D. Weed, 2 B. T. A. 84, we said:
The Revenue Act of 1918 required a taxpayer keeping his hooks of account on the basis of a fiscal year different from the calendar year to make returns upon the basis Of such fiscal year. The taxpayer was compelled to change the basis of reporting net income from the calendar year to a fiscal year.
On this basis of computing petitioner’s net income and tax the fiscal year ended July 31, 1919, and the following fiscal year ended July 31, 1920, and when respondent agreed to the change in accounting period, January 1,1921, to that of a calendar year beginning on that date, it necessarily left a period of five months from July 31, 1920, to December 31, 1920. Sections 212 (b) and 226, Revenue Acts of 1918 and 1921, provide that changes in accounting period shall be with the approval of the Commissioner. In the instant case petitioner voluntarily changed its accounting period to that of a calendar year and filed returns thereon for four successive years, and these *936 returns were accepted by the respondent, who acted thereon in determining overassessments and deficiencies, which action of respondent was agreed to in writing by petitioner.
Petitioner now contends that it never asked permission to change its accounting period and that therefore its tax should still be computed on the fiscal year basis. While it may not in words have asked such permission, it made the change, and by accepting the returns on the new basis for four years and basing his action thereon the respondent necessarily approved the change and the requirements of sections 212 (b) and 226 were satisfied. It does not lie in the mouth of petitioner to now say it did not ask or desire the change in accounting period.
Our attention is called to the cases of Clendening Co., 1 B. T. A. 622, and Virginia Lumber & Bow Co., 3 B. T. A. 341, as establishing the rule that a taxpayer must apply in a formal manner for the Commissioner’s approval and receive same before changing his accounting period, but in those cases the petitioners failed to ask permission to make the changes, and, when made, the Commissioner refused to accept the new accounting period as the basis of his computation. They are therefore not in point, for in the instant case the respondent approved the change.
The respondent’s action relative to the five-month period from July 31, 1920, to December 31, 1920, was correct and is approved. Henry D. Weed, 2 B. T. A. 84; W. B. Thompson, 5 B. T. A. 193; Norfolk Knitting Mills, 5 B. T. A. 792; Coghlin Electric Co., 3 B. T. A. 1071.

Judgment will be entered for the respondent.